UNITED STATES DISTRICT COURT
WESTERN DISTRICT MISSOURI
ST. JOSEPH DIVISION

LANA BABCOCK )
2836 S. 20th Street )
Saint Joseph, MO 64503-3210 )
 )
    Plaintiff, )
 )
    v. ) Case No.
 )
GC SERVICES, LP, )
6330 Gulfton )
Houston, TX 77081 )
 )
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, LANA BABCOCK ("Plaintiff"), through her attorneys, Price Law Group, APC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Saint Joseph, Buchanan County, Missouri.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within one (1) year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Chase credit card, account number ending in 6411, Defendant's file number 0112893 ("Account").

18. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

19. Defendant's collector, M. Hetterman, communicated with Plaintiff regarding the Account on or about May 4, 2013.

20. Defendant's collector, M. Hetterman, reviewed the letter dated May 4, 2013, prior to it being mailed to Plaintiff.

21. Defendant's collector, M. Hetterman, was working within the scope of his or her employment when he or she communicated with Plaintiff in an attempt to collect on the Account.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant's collector, Iris Marie Williams, called Plaintiff at 816-261-3843 in an attempt to collect on the Account.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant's collector, Iris Marie Williams, communicated with Plaintiff in an attempt to collect on the Account.

24. Within one (1) year of Plaintiff filing this Complaint, Iris Marie Williams left Plaintiff a voicemail message regarding the Account.

25. Ms. Williams's voicemail message for Plaintiff stated, "Hello, this message is intended

for Lana Babcock. My name is Iris Marie Williams. If you will please return my call as soon as you receive this message. My number is 866-862-2793."

26. Defendant's collector, Iris Marie Williams, was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect on the Account.

27. Iris Marie Williams's message for Plaintiff did not state that the call was from GC Services, LP.

28. Iris Marie Williams's message for Plaintiff did not state that Iris Marie Williams was attempting to collect a debt from Plaintiff.

29. Iris Marie Williams is familiar with the FDCPA.

30. Iris Marie Williams knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. Iris Marie Williams knows the FDCPA requires debt collectors to state the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. The telephone number of 866-862-2793 is one of Defendant's telephone numbers.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

35. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

36. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

37. Defendant recorded all of its telephone communications with third parties regarding the Account.

38. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

39. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

40. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

41. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

42. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and third parties.

43. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

44. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

45. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

46. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

47. In the last three (3) years, Defendant has had 271 Complaints filed against it with the

5

Case 5:13-cv-06093-HFS   Document 1   Filed 08/23/13   Page 5 of 7

Better Business Bureau.

48. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710-MOB-RSW.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637-FJM.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084-BLW.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570-NGG-CLP.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

53. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collector, Iris Marie Williams, left Plaintiff a message and failed to state that call was from GC Services, LP.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or

6

deceptive means in connection with the collection the alleged debt; and

e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a voicemail message that Defendant's collector, Iris Marie Williams, left Plaintiff that the communication was from a debt colletor.

WHEREFORE, Plaintiff, LANA BABCOCK, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

56. Any other relief that this Honorable Court deems appropriate.

Dated: August 23, 2013

RESPECTFULLY SUBMITTED,

By: /s/ Mark D. Molner
Mark D. Molner, Esq. (SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)205-2730
mark@pricelawgroup.com